

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-25-2007

# Rodriguez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2996

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Rodriguez v. Atty Gen USA" (2007). *2007 Decisions*. Paper 380.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/380

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2996

_____

ANA RODRIGUEZ,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A74-901-038)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2007

Before:  RENDELL, FUENTES and CHAGARES, Circuit Judges.

(Filed: September 25, 2007)

_____

OPINION OF THE COURT

_____

RENDELL, *Circuit Judge*.

Ana Rodriguez petitions for review of a final order of the Board of Immigration Appeals (BIA) affirming the denial by the Immigration Judge (IJ) of Rodriguez's application for cancellation of removal. For the reasons that follow, we will dismiss Rodriguez's petition for review for lack of jurisdiction.

## II.

Rodriguez, a native and citizen of Columbia, entered the United States lawfully on October 17, 1987. She has since resided in the United States. Rodriguez has two children, both of whom are United States citizens. Rodriguez's mother also legally resides in the United States. On December 29, 1994, Rodriguez married Miguel Hebron, a United States citizen. There were no children from this marriage.

On September 23, 2004, the Government initiated removal proceedings against Rodriguez by serving her with a Notice to Appear (NTA). The NTA charged that Rodriguez was removable to Columbia under § 237(a)(1)(D)(i) of the Immigration and Nationality Act (INA) as an alien who failed to depart after the termination of her conditional permanent residence status. Rodriguez conceded that she was removable as charged. Nevertheless, Rodriguez applied for cancellation of removal under INA § 204A(b), 8 U.S.C. § 1229b(b)(1)(D). After a hearing, the IJ denied her petition for relief on the grounds that Rodriguez lacked good moral character and had failed to establish that her removal would create "an exceptional and extremely unusual hardship" on her

2

qualifying family members, as per § 240A(b)(1)(D) of the INA, 8 U.S.C. § 1229b(b)(1)(D). Rodriguez appealed the denial of cancellation of removal to the BIA, arguing that the IJ had erred in his determinations that Rodriguez's relatives would not suffer exceptional and unusual hardship if Rodriguez were removed and that Rodriguez lacked good moral fiber. The BIA affirmed the IJ's decision on the grounds that Rodriguez failed to establish the requisite hardship to a qualified relative. Rodriguez timely filed the instant petition for review.

III.

Because the BIA adopted some of the findings of the IJ and discussed the bases for the IJ's decision, we review the decision of the BIA and that of the IJ to the extent adopted by the BIA. *Xie v. Ashcroft*, 359 F.3d 239, 242 (3d Cir. 2004); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 549 n. 02 (3d Cir. 2001). Thus, we will only address Rodriguez's argument that the removal proceedings were deficient because the IJ and the BIA incorrectly applied the BIA precedent regarding exceptional and extremely unusual hardships to the facts of her case, thus violating her rights to due process. Rodriguez's other arguments concern the IJ's finding that Rodriguez lacked good moral character, which was not adopted by the BIA in its decision affirming the denial of cancellation of removal.

In *Mendez-Moranchel v. Ashcroft,* 338 F.3d 176, 179 (3d Cir. 2003), we held that "§ 1252(a)(2)(B)(I) strips us of jurisdiction to review certain discretionary decisions

3

under the Immigration and Naturalization Act as enumerated by the statute," and specifically, "whether an alien meets the hardship requirement in 8 U.S.C. § 1229b is such a discretionary judgment." *Id.* We also noted that this decision was consistent with those of other courts of appeals that had considered whether a determination that an alien does not satisfy the hardship requirement was discretionary and thus unreviewable. *Id.* Rodriguez attempts to circumvent this jurisdictional impediment by arguing that the BIA deprived her of her due process rights when it denied her application for removal, thus bringing her claim within the scope of our jurisdiction under INA § 242(a)(2)(D) to review constitutional claims. Nevertheless, Rodriguez's argument that her due process rights were violated is based solely on her claim that the IJ and BIA incorrectly applied BIA precedent to the facts of her case, an application which is firmly within the discretion of both the IJ and the BIA. Therefore, because we cannot successfully determine whether the BIA's precedential decisions were correctly applied by the BIA or the IJ without analyzing the merits of the decision to deny Rodriguez's request for cancellation, which is a discretionary judgment, we lack jurisdiction over Rodriguez's petition for review.

## IV.

For the foregoing reasons, we will dismiss the petition for review.